IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL THOMPSON**<br>2186 West Lakeshore Dr<br>Lot 36<br>Port Clinton, Ohio 43452<br><br>                    Plaintiff,<br>v.<br><br>**CITYBLOCK HEALTH INC.**<br>c/o CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219<br><br><br>                    Defendant. | *<br><br>*<br><br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>* | Case No.<br><br>Judge<br><br><br>**COMPLAINT; JURY DEMAND ENDORSED HEREON**<br><br><br>Francis J. Landry   (0006072)<br>Katherine A. Pawlak Macek (0086885)<br>**WASSERMAN, BRYAN, LANDRY**<br> **& HONOLD LLP**<br>1090 W. South Boundary St<br>Suite 500<br>Perrysburg, Ohio 43551<br>Telephone:  (419) 243-1239<br>Facsimile:  (419) 243-2719<br>Flandry308@aol.com<br>Kmacek@wblhlaw.com<br>Attorney for Plaintiff<br>Michael Thompson |

           *     *     *     *     *     *     *     *

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202. This is an action for a violation of 29 U.S.C. 621 et seq, also known as the Age Discrimination in Employment Act.  Plaintiff also brings claims under the Americans With Disabilities Act and the ADAAA. 42 U.S.C. Sections 12101 et seq. On February 2, 2024, Plaintiff filed a charge of discrimination with the Ohio Civil Rights Commission and Equal Employment Opportunity Commission on the basis of age and disability, charge number

1

TOLA2(004761)02022024/22A-2024-01308 a true and accurate copy of which is attached hereto and incorporated by reference herein, as Exhibit A. Plaintiff states that on Plaintiff states on May 16, 2024, the OCRC issued Plaintiff a notice of right to sue advising him of his right to file suit in an appropriate Court, a true and accurate copy of which is attached as Exhibit B. On June 18, 2024, the District Director of the EEOC issued Plaintiff a right to sue advising him of his right to file suit in an appropriate State or Federal Court as to ADA and ADEA claims within ninety (90) days of his receipt of said notice. This Court's supplemental jurisdiction is also invoked over state law claims of age and disability discrimination.

## PARTIES

2. Plaintiff, Michael Thompson, is a fifty (50) year old individual and a resident of the City of Port Clinton, County of Ottawa, State of Ohio. At all times material hereto, Plaintiff was an employee of an employer within the meaning of the Age Discrimination in Employment Act, and Chapter 4112 of the Ohio Revised Code, in that Defendant is an employer who employed more than twenty (20) employees at all times material hereto.

3. Plaintiff states that the Defendant is a Delaware corporation, duly licensed to do business in the state of Ohio. At all relevant times, Defendant was an employer within the meaning of the Age Discrimination in Employment Act, and Chapter 4112 of the Ohio Revised Code as it at all times material hereto employed more than twenty (20) employees.

## GENERAL ALLEGATIONS

4. Plaintiff brings this action for damages and injunctive relief for an unlawful termination of his employment. Plaintiff alleges that in terminating him, the Defendant did so in violation of the Age Discrimination in Employment Act, and Chapter 4112 of the Ohio Revised Code.

5. Plaintiff is a fifty (50) year old person with a disability.

6. Plaintiff was employed by Defendant in From April of 2022 as a Community Care Clinician, operating out of him home in Port Clinton, Ohio, as Defendant's facilities were not set up.

7. While employed with Defendant, Plaintiff was diagnosed with throat cancer. In order to obtain treatment, Plaintiff requested leave from work under Defendant's short term disability policy, and then Defendant's long term disability policy.

8.  Plaintiff was on leave from August of 2022, and then began requesting reasonable accommodations to try to return to work in March of 2023.

9.  Defendant did not respond to Plaintiff's request for a reasonable accommodation until July of 2023, when it denied his request.

10.  Plaintiff attempted to make several other modified accommodation requests, but received no response from Defendant.

11.  In November of 2023, Plaintiff obtained a return to work note with no restrictions from his physician.

12.  When Plaintiff inquired as to how to submit this new full return to work note, he was terminated on November 16, 2023.

13.  Plaintiff was told the position needed to be filled before his return to work without restrictions, however, said reason is false and pretextual, because as of the date of his termination and after, the position remained vacant.

**FIRST CLAIM FOR RELIEF**
**Disability Discrimination- Ohio Revised Code Section 4112.02**

12. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through eleven (11) of this Complaint, supra, by reference in its entirety as if fully restated herein.

13. In November of 2023, Plaintiff obtained a return to work note with no restrictions from his physician. When Plaintiff inquired as to how to submit this new full return to work note, he was terminated on November 16, 2023.

14. Plaintiff was told the position needed to be filled before his return to work without restrictions, however, said reason is false and pretextual, because as of the date of his termination and after, the position remained vacant.

15. Plaintiff states that he was at all times meeting or exceeding his employer's legitimate expectations and was well qualified for his position by virtue of his education and experience, and was a highly rated and skilled employee.

16. Plaintiff states that at all times material hereto he suffered from a disabling condition of throat cancer. This impairment significantly affected a series of major life activities, including but not limited to speaking, as well as cell growth, and a broad range of everyday activities. Defendant was aware of Plaintiff's disabling condition, as he had discussed the nature of his disability and went off on a medical leave.

17. Plaintiff states his disabling condition is a disability within the meaning of the Ohio Revised Code. Notwithstanding these limitations, Plaintiff was able safely and substantially to perform the essential functions of his job with or without accommodation.

18. Plaintiff states that in failing to accommodate Plaintiff and in terminating his employment the Defendant has intentionally discriminated against him on the basis of disability in violation of Ohio Revised Code Section 4112.02 made actionable pursuant to Ohio Revised Code Sections 4112.051 and 4112.052.

19. As a proximate cause of the acts complained of, Plaintiff has suffered the loss of his job position, diminished earning capacity, lost wages, benefits, pension benefits, great mental and emotional distress, anguish, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees

## SECOND CLAIM FOR RELIEF
### Americans With Disabilities Act and ADAAA 42 U.S.C. Sections 12101 et seq.

20. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through nineteen (19) of this Complaint, supra, by reference in its entirety as if fully restated herein.

21. In November of 2023, Plaintiff obtained a return to work note with no restrictions from his physician. When Plaintiff inquired as to how to submit this new full return to work note, he was terminated on November 16, 2023.

22. Plaintiff was told the position needed to be filled before his return to work without restrictions, however, said reason is false and pretextual, because as of the date of his termination and after, the position remained vacant.

23. Plaintiff states that he was at all times meeting or exceeding his employer's legitimate expectations and was well qualified for his position by virtue of his education and experience, and was a highly rated and skilled employee.

24. Plaintiff states that at all times material hereto he suffered from a disabling condition of throat cancer. This impairment significantly affected a series of major life activities, including but not limited to speaking, as well as cell growth, and a broad range of everyday activities. Defendant was aware of Plaintiff's disabling condition, as he had discussed the nature of his disability and went off on a medical leave.

25. Plaintiff states his disabling condition is a disability within the meaning of the Americans with Disabilities Act and the ADAAA. Notwithstanding these limitations, Plaintiff was able safely and substantially to perform the essential functions of his job with or without accommodation.

26. Plaintiff states that in failing to accommodate Plaintiff and in terminating his employment the Defendant has intentionally discriminated against him on the basis of disability in violation of the Americans with Disabilities Act and the ADAAA, 42 U.S.C. Sections 12101 et seq.

27. As a proximate cause of the acts complained of, Plaintiff has suffered the loss of his job position, diminished earning capacity, lost wages, benefits, pension benefits, great mental and emotional distress, anguish, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees

**THIRD CLAIM FOR RELIEF**
**ADEA--29 U.S.C. Sections 621 et seq.**

28.     Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-seven (28) of this Complaint, supra, by reference in its entirety as if fully restated herein.

29.     Plaintiff was in the age group protected by 29 U.S.C. Sections 621 et seq. as he was fifty (50) years old at the time of his termination.

30.     In November of 2023, Plaintiff obtained a return to work note with no restrictions from his physician. When Plaintiff inquired as to how to submit this new full return to work note, he was terminated on November 16, 2023.

31. Plaintiff was told the position needed to be filled before his return to work without restrictions, however, said reason is false and pretextual, because as of the date of his termination and after, the position remained vacant.

32. Plaintiff states that he was at all times meeting or exceeding his employer's legitimate expectations and was well qualified for his position by virtue of his education and experience, and was a highly rated and skilled employee.

33. Plaintiff states that similarly situated substantially younger employees were not terminated under the false pretense of a position needing to be filled, and were provided accommodations.

34. In terminating Plaintiff, Defendant has intentionally discriminated against him on the basis of his age in violation of 29 U.S.C. §621 et seq.

35. As a proximate cause of the acts complained of, Plaintiff has suffered the loss of his job position, diminished earning capacity, lost wages, benefits, great mental and emotional distress, anguish, humiliation and embarrassment.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

### FOURTH CLAIM FOR RELIEF
### Ohio Revised Code Section 4112.02, Age Discrimination

36. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty-five (35) of this Complaint, supra, by reference in its entirety as if fully restated herein.

37. Plaintiff was in the age group protected by Ohio Revised code Chapter 4112 as he was fifty (50 ) years old at the time of his termination.

38. In November of 2023, Plaintiff obtained a return to work note with no restrictions from his physician. When Plaintiff inquired as to how to submit this new full return to work note, he was terminated on November 16, 2023.

39. Plaintiff was told the position needed to be filled before his return to work without restrictions, however, said reason is false and pretextual, because as of the date of his termination and after, the position remained vacant.

40. Plaintiff states that he was at all times meeting or exceeding his employer's legitimate expectations and was well qualified for his position by virtue of his education and experience, and was a highly rated and skilled employee.

41. Plaintiff states that similarly situated substantially younger employees were not terminated under the false pretense of a position needing to be filled, and were provided accommodations.

42. In terminating Plaintiff, Defendant has intentionally discriminated against him on the basis of his age in violation of Ohio Revised Code Section 4112.02(A) made actionable pursuant to Ohio Revised Code Section Sections 4112.051 and 4112.052 as amended.

43. As a proximate cause of the acts complained of, Plaintiff has suffered the loss of his job position, diminished earning capacity, lost wages, benefits, great mental and emotional distress, anguish, humiliation and embarrassment.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a judgment against Defendant ordering reinstatement and back wages, or in lieu of reinstatement, back and front pay, for compensatory, liquidated and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus his costs, interest and reasonable attorney fees. Plaintiff also seeks his costs and attorney fees all together with prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief he may appear to be entitled to.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

/s/ Francis J. Landry
Francis J. Landry, Attorney for

Plaintiff, Michael Thompson

## **JURY DEMAND**

Plaintiff demands a jury trial as to all issues so triable in the within cause.

<pre>                              /s/ Francis J. Landry
                              Francis J. Landry</pre>